The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The Full Commission, having reconsidered the evidence, finds that the appealing party has not shown good grounds to receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. At all times relevant to this claim, Kenneth Lassiter was acting within the course and scope of his employment with defendant, an agency of the State of North Carolina.
2. A document entitled Statement by Witness, dated December 5, 1995, marked as Defendants Exhibit Number One, is admitted into evidence.
3. A document entitled Central Prison Segregation/Use of Force/Injury Screening, dated December 4, 1995, marked as Defendants Exhibit Number Two, is admitted into evidence.
 ***********
Based upon all of the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as fact the following
 FINDINGS OF FACT
1. In November 1995, plaintiff was housed in a correctional facility in Oklahoma. On November 28, 1995, plaintiff was transferred to Central Prison in Raleigh, North Carolina and transported in a passenger van with eight other inmates. The van was driven by Sergeant Kenneth E. Lassiter. A sedan operated by another correctional officer, Anthony Jacobs, accompanied the van on the trip from Oklahoma to North Carolina.
2. In accordance with defendants policies, all inmates, including plaintiff, were restrained by seat belts throughout the trip.
3. When the vehicles arrived in Raleigh, North Carolina, the van, which was being operated by Sergeant Lassiter, was following the sedan. The two vehicles came to a stop at a traffic light. When the light turned green in favor of the sedan, the sedan began to enter the intersection. As the sedan entered the intersection, the van also began moving. The sedan then stopped suddenly due to another car crossing the intersection. As a result, Sergeant Lassiter was unable to stop the van before its front bumper struck the rear of the sedan. At the time the van struck the sedan, the van was traveling at approximately five miles per hour.
4. After the van struck the sedan, Sergeant Lassiter and the other officer asked the inmates if they had been injured. All of the inmates responded in the negative.
5. According to Sergeant Lassiter, the vehicles sustained no damage. After the accident, both vehicles proceeded to Central Prison to a secure area. Again, each of the inmates was asked if he had been injured in the collision. Each responded in the negative again.
6. Plaintiff testified that he suffered back, neck and leg pain due to the accident. He was treated at Central Prison December 4, 1995 when he complained of leg and neck pain.
7. Plaintiff declined to provide a written statement to Division of Prisons investigators on December 5, 1995.
8. The Deputy Commissioner, having heard the testimony and observed the demeanor of each of the witnesses, did not accept plaintiffs testimony as credible. Considering the Deputy Commissioners observations and the greater weight of the evidence of record, plaintiffs testimony is not credible. Accordingly, plaintiff was in fact restrained by a seat belt at the time of the accident on November 28, 1995. Plaintiff was asleep and the impact of the accident jerked him forward, causing him to hit his knee on the seat in front of him. Since plaintiff was restrained by a seat belt at the time of the accident, he could not have been injured in the manner he described.
9. Furthermore, plaintiffs testimony that he experienced chronic back and neck pain after the accident is not credible. When asked immediately after the incident whether he was injured, plaintiff responded in the negative. When asked to provide a written statement regarding alleged injuries received in the accident, plaintiff declined to do so. When seen by medical staff for sick call requests, plaintiff gave inconsistent accounts of his alleged injuries and their respective causes.
10. Since plaintiffs testimony is not credible, the evidence of record is insufficient to prove by its greater weight that plaintiff sustained any damage as a result of the accident on November 28, 1995.
11. Plaintiffs original affidavit was acknowledged by the Industrial Commission on March 10, 1998. Defendant filed an answer on April 14, 1998. Since that time, plaintiff has had ample opportunity to amend his affidavit to name any specific employees he charges were negligent. However, plaintiff has failed to do so.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff was not injured as a result of the accident on November 28, 1995 and sustained no damages or injury as a result of the negligence of any employee of defendant.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following.
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, Denied.
2. Each party shall bear its own costs.
This the ___ day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER